No. 28,387.

B. L. Caylor, *Appellant,* v. L. F. Mendenhall et al., *Appellees.*

(273 Pac. 172.)

Opinion filed January 12, 1929.

*Alpheus Lane, Karl V. Shawver,* both of Paola, and *F. J. Oyler,* of Iola, for the appellant.

*Jabez O. Rankin, George D. Warr,* both of Paola, *Ross B. Smith,* of Erie, and *Claude M. Brobst,* of Chanute, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an action by the owner of real property against the lessee of an oil and gas lease thereon for damages for the alleged failure of defendants to comply with the terms of the lease to furnish plaintiff gas for domestic purposes. Several items of damages were claimed. The answer put in issue the allegations of the petition and by cross petition set up several items which defendants sought to recover from plaintiff. A jury trial resulted in a judgment for plaintiff for $3.60, and he has appealed.

The principal point made by plaintiff on this appeal is that the court misconstrued the provisions of the lease in its instructions to the jury. The lease was on a printed form which contained this provision:

"Lessee agrees to pay the lessor at the rate of one hundred and no-100 dollars each year, payable quarterly in advance, for the gas from each well where gas only is found, while the same is being used off the premises, but until the gas is marketed lessee shall pay to lessor at the rate of twenty-five dollars per year, payable quarterly in advance, for each gas well drilled on the said premises and capable of producing gas in paying quantities, and the said lessor to have gas free of cost from any such well for all stoves and all inside lights in the principal dwelling house on said land during the same time."

At the time of the execution of the lease, and as a condition of its execution exacted by plaintiff, there was written on the margin and as a part of the lease the following:

"The lessee agrees to furnish a good supply of gas for domestic purposes to lessor within 100 feet of the house."

Appellant argues that the clause last quoted, having been written on the lease, supersedes the printed clause relating to furnishing gas to the lessor and requires the lessee to furnish him gas for domestic purposes whether it is produced from wells on the leased premises or not. Since the printed clause of the lease was not stricken out, the trial court held that the two clauses should be read together, and when so read required the lessee to furnish to the lessor gas for domestic purposes and to pipe it to within 100 feet of his house in the event only that gas was produced from wells on the leased premises. This holding is correct and practically disposes of the case. The facts are that a number of wells were drilled on the leased premises. About half of them were dry holes. Most of the others produced oil in small quantities. Two or three of them produced gas for a time. As long as gas was produced from the wells on the leased premises the lessee furnished gas to the lessor for domestic purposes and piped the same to within 100 feet of the house. For a time the lessee wanted to use all the gas in drilling on an adjoining lease, and while so using it furnished the lessor gas which was not produced on his premises. But the wells on this lease ceased to produce gas even in sufficient quantities to supply the lessor with gas for domestic purposes. When that occurred the lessee ceased to furnish gas for domestic purposes from an outside lease. Under the trial court's interpretation of the lease, which we regard as

sound, the lessee, under those circumstances, was not required to do so.

The judgment of the court below is affirmed.